RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE  10 / 24 / 13

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

EVER VALERIO-RODRIGUEZ                     DOCKET NO. 1:13-CV-2499; SEC. P

VERSUS                                     JUDGE DRELL

WARDEN ASK-CARLSON                         MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Ever Valerio-Rodriguez on August 16, 2013. Petitioner is an inmate incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCI Pollock). He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Petitioner was arrested by the State of Texas officers on December 9, 2011, and he was remanded to custody of Texas. On December 12, 2011, the State released Valerio-Ramirez to the custody of Immigration and Customs Enforcement (ICE). He remained in administrative detention with ICE until January 24, 2012, on which date a criminal complaint was filed against him. [Doc. #1; *U.S. v. Valerio-Rodriguez*, 3:12-cr-26 (NDTX)] On September 19, 2012, Petitioner was sentenced to a 46-month term of imprisonment for Illegal Re-Entry After Removal From the United States.

## *Law and Analysis*

Petitioner complains that he has been denied credit toward his sentence for time spent in ICE custody, from December 13, 2011, to January 23, 2012.   Petitioner's federal sentence for illegal reentry commenced on the date it was imposed - September 19, 2012. Petitioner received credit toward that sentence for the time from his arrest on December 9, 2011 to December 12, 2011, and for the time his criminal complaint was filed - January 24, 2012 - up to September 18, 2012.   Petitioner is not entitled to credit for the time period in question - 12/13/11 to 1/23/12 - for the reasons that follow.

It is well-settled that district courts are not authorized to compute credit for time spent in official detention at the time of sentencing.   Instead, the Attorney General, pursuant to 18 U.S.C. §3585(b), is responsible for sentence computation decisions after sentence is imposed by the Court.   The Attorney General has delegated that authority to the Federal Bureau of Prisons.   See United States v. Wilson, 503 U.S. 329,335 (1992)(although defendant is entitled to credit for time spent in "official detention" prior to being received in federal custody, it is the Attorney General after sentencing, not the court, who is authorized to compute such credit); see also Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons ..., determines what credit, if any, will be awarded to prisoners for

time spent in custody prior to the commencement of their federal sentences." (citation omitted); <u>United States v. Dowling</u>, 962 F.2d 390, 393 (5th Cir. 1992); 28 C.F.R. § 0.96 (1991).[1]  According to the regulations promulgated by the BOP, "official detention" **does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS)** under the provisions of 8 U.S.C. §1252 pending a final determination of deportability. <u>See</u> <u>BOP Program Statement</u> 5882.28.

Because Petitioner's detention with ICE was not official custody and was of a civil nature, he is not entitled to credit for that time against his sentence.  Petitioner has received all the credit to which he is due.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**; Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

---

[1] The <u>Wilson</u> opinion explains exactly why it is the job of the Bureau of Prisons, and not the District Court, to determine the amount of credit, if any, to be awarded to the defendant:
After a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the Bureau of Prisons must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under §3585(b), and because the District Court cannot determine the amount of credit at sentencing [because federal defendants do not always begin to serve their sentences immediately], the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. <u>Wilson</u>, 503 U.S. at 335.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of ~~September~~ October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4